## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **HENRY T. HURLEY JR.** <br> 726 South Glenwood Avenue <br> Lima, Ohio 45805 <br> Plaintiff, | * <br><br> * | Case No. <br><br> Judge |
| v. | * | **COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| **LIMA REFINING COMPANY** <br> aka and/or dba <br> **CENOVUS LIMA REFINERY** <br> aka/and or dba **HUSKY ENERGY INC.** <br> **1150 South Metcalf Road** <br> **Lima, Ohio 45804** <br><br><br> Defendant. | * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * | Francis J. Landry (0006072) <br> **WASSERMAN, BRYAN, LANDRY & HONOLD LLP** <br> 1090 W. South Boundary St <br> Suite 500 <br> Perrysburg, Ohio 43551 <br> Telephone: (419) 243-1239 <br> Facsimile: (419) 243-2719 <br> Flandry308@aol.com <br> Attorneys for Plaintiff <br> Henry T. Hurley Jr. |

\*  \*  \*  \*  \*  \*  \*  \*

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of 42 U.S.C. Sections 2000e et seq., known as the Civil Rights Act of 1964. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment in violation of Title VII

1

of the Civil Rights Act of 1964. On or about July 8, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on the basis of race and retaliation, attached hereto as Exhibit A and incorporated by reference as if fully restated herein. On April 11, 2022, the district director of the EEOC notified Plaintiff of his right to file suit within ninety days in an appropriate federal district court, attached hereto as Exhibit B. Plaintiff also brings claims for racial discrimination pursuant to 42 U.S.C. Section 1981 known as the Civil Rights Act of 1866, 1871.

**PARTIES**

2.      Plaintiff, Henry T. Hurley Jr., is a citizen of the United States and a resident of the City of Lima, County of Allen, State of Ohio, who has been employed with Defendant since January 9, 2009. At all times material hereto, Plaintiff was an employee of an employer within the meaning of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act and Chapter 4112 of the Ohio Revised Code in that it employed at all times material hereto more than twenty (20) employees.

3.      Defendant Cenovus Lima Refinery registered trade name for Lima Refining Company, a Delaware Corporation which is a subsidiary of Cenovus Energy Inc. Said defendant operates a Refinery in Lima, Ohio at which Plaintiff was and is employed. This refinery is also known as and/or was formerly owned and operated by Husky Energy which was combined into Cenovus after Plaintiff filed his EEOC charge. Defendant at all times had more than twenty (20) employees is also an employer within the meaning of Title VII of the Civil Rights Act.

**GENERAL ALLEGATIONS**

4.      Plaintiff has been employed by Defendant and/or its predecessor since January 9, 2009. Plaintiff has been employed as an Analyzer Tech.

5. On or about January 2020 through January of 2021, Plaintiff was moved multiple times due to malfunctioning equipment. This was a part of continuing discrimination and harassment.

6. Plaintiff was well qualified for his position and performed his job duties well.

7. Plaintiff complained to both his union and management of his treatment in being moved on multiple occasions as he observed that similarly situated Caucasian employees were not subjected to such treatment.

8. In February of 2021, Plaintiff was given writeups by Defendant and his supervisor started closely monitoring his work. The reasons behind the disciplinary writeups were false and pretextual. Further, on April 9, 2021, Plaintiff did not receive fair work as did his Caucasian peers.

## FIRST CLAIM FOR RELIEF
### Title VII, Civil Rights Act, Racial Discrimination

9. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through eight (8) of this Complaint, supra, by reference in its entirety as if fully restated herein.

10. Plaintiff is an African American individual and was and is employed by Defendant.

11. Plaintiff was and is well qualified for his position, and performed and performs his job well. Plaintiff was and is meeting and exceeding all of Defendant's legitimate expectations, and was and is a highly rated and skilled employee.

12. Plaintiff has been employed by Defendant and/or its predecessor since January 9, 2009. Plaintiff has been employed as an Analyzer Tech.

13. On or about January 2020 through January of 2021, Plaintiff was moved multiple times due to malfunctioning equipment.

14. Plaintiff was well qualified for his position and performed his job duties well.

15. In February of 2021, Plaintiff was given writeups by Defendant and his supervisor started closely monitoring his work. Further, on April 9, 2021, Plaintiff did not receive fair work as did his Caucasian peers.

16. Plaintiff complained to both his union and management of his treatment in being moved on multiple occasions as he observed that similarly situated Caucasian employees were not subjected to such treatment.

17. In moving Plaintiff and is subjecting him to monitoring and discipline, Defendant has intentionally discriminated against him on the basis of his race in violation of 42 U.S.C. Section 2000e et seq.

18. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his stable job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. Section 1981, Racial Discrimination**

19. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through eighteen (18) of this Complaint, supra, by reference in its entirety as if fully restated herein.
or violate any company policies/rules. Furthermore, Plaintiff was replaced by a Caucasian individual.

20. Plaintiff is an African American individual and was and is employed by Defendant.

21. Plaintiff was and is well qualified for his position, and performed and performs his job well. Plaintiff was and is meeting and exceeding all of Defendant's legitimate expectations, and was and is a highly rated and skilled employee.

22. Plaintiff has been employed by Defendant and/or its predecessor since January 9, 2009. Plaintiff has been employed as an Analyzer Tech.

23. On or about January 2020 through January of 2021, Plaintiff was moved multiple times due to malfunctioning equipment.

24. Plaintiff was well qualified for his position and performed his job duties well.

25. In February of 2021, Plaintiff was given writeups by Defendant and his supervisor started closely monitoring his work. Further, on April 9, 2021, Plaintiff did not receive fair work as did his Caucasian peers.

26. Plaintiff complained to both his union and management of his treatment in being moved on multiple occasions as he observed that similarly situated Caucasian employees were not subjected to such treatment.

27. In moving Plaintiff and is subjecting him to monitoring and discipline, Defendant has intentionally discriminated against him on the basis of his race in violation of 42 U.S.C. Section 1981.

28. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his stable job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## THIRD CLAIM FOR RELIEF
## TITLE VII Retaliation

29. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-eight (28) of this Complaint, supra, by reference in its entirety as if fully restated herein.

30. Plaintiff is an African American individual and was and is employed by Defendant.

31. Plaintiff was and is well qualified for his position, and performed and performs his job well. Plaintiff was and is meeting and exceeding all of Defendant's legitimate expectations, and was and is a highly rated and skilled employee.

32. Plaintiff has been employed by Defendant and/or its predecessor since January 9, 2009. Plaintiff has been employed as an Analyzer Tech.

33. On or about January 2020 through January of 2021, Plaintiff was moved multiple times due to malfunctioning equipment.

34. Plaintiff was well qualified for his position and performed his job duties well.

35. In February of 2021, Plaintiff was given writeups by Defendant and his supervisor started closely monitoring his work. Further, on April 9, 2021, Plaintiff did not receive fair work as did his Caucasian peers.

36. Plaintiff complained to both his union and management of his discriminatory treatment in being moved on multiple occasions as he observed that similarly situated Caucasian employees were not subjected to such treatment.

37. In moving Plaintiff and in continuing to scrutinize his behavior and and is subjecting him to further monitoring and discipline, Defendant has intentionally retaliated against him for his participation in protected activities and in opposition to discrimination on the basis of race in violation of 42 U.S.C. Sections 2000e et seq. Further mistreatment as referenced herein occurred in very close proximity to Plaintiff's reports of discrimination.

38. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his stable job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendant for lost back and front wages, compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney's fees. Plaintiff also seeks his costs and attorney's fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

s/Francis J. Landry
Francis J. Landry
Attorney for Plaintiff, Henry T. Hurley Jr.

**JURY DEMAND**

Plaintiff demands a jury trial as to all issues to triable in the within cause.

s/Francis J. Landry
Francis J. Landry